**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CHRISTOPHER G. LEONE, #M01164,**    )
*also known as*    )
Julian Antionne Wicke Soriento,    )
    )
    **Plaintiff,**    )
    )
    **vs.**    )    **Case No. 25-cv-00714-JPG**
    )
**USA,**    )
    )
    **Defendant.**    )

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

    Plaintiff Christopher Leone, who is currently detained at Chester Mental Health Center (CMCH), filed this lawsuit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. He seeks a change of his name from Christopher Giacomo Leone to "Julian Antionne Wicke Soriento." (Doc. 1).

    Plaintiff has provided no information about his status as a civil detainee, pretrial detainee, or prisoner. However, he has filed a Motion for Leave to Proceed *in forma pauperis* (IFP motion) (Doc. 3) that is also before the Court for consideration. Therefore, the Court must screen the Complaint. Under 28 U.S.C. § 1915(a)(1), a federal court may allow a plaintiff to proceed in a civil case without prepaying the required costs or fees by submitting an affidavit demonstrating an inability "to pay such fees or give security therefor" and describing "the nature of the action, defense or appeal, and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The IFP motion does not demonstrate that Plaintiff is indigent, so the Court has ordered him to provide additional financial information for consideration. *See* Order at Doc. 6.

1

Even if he establishes his indigence, however, the Court's inquiry does not end there. Section 1915(e)(2) also requires consideration of a complaint filed by a plaintiff seeking leave to proceed IFP.  28 U.S.C. § 1915(e)(2).  Pursuant to § 1915(e)(2)(B), the Court may dismiss a case or deny an otherwise qualified plaintiff leave to proceed IFP, if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).  The test for determining whether an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of his claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's Complaint fails to state a claim on which relief may be granted and is also frivolous, so the IFP motion will be denied.

## Discussion

The Complaint fails to state a claim upon which relief may be granted against Defendant United States.  Plaintiff filed a self-styled "Motion for Vocational Religious and Secular Name Change Plus Injunction."  (Doc. 1, p. 1).  There, Plaintiff explains that he converted to Islam while he was housed at Travis County Jail in 2015.  He seeks a legal and official name change from his Christian Roman Catholic name (Christopher Giacomo Leone) to his Muslim name (Julian Antionne Wicke Soriento).  Without it, Plaintiff cannot associate easily with other Muslims and fears that his birth name will impede his ability to court or marry someone who shares his faith. Plaintiff states that he will not be taken seriously by other Muslims until his name is changed.  *Id*.

Although this case was opened under the Federal Tort Claims Act, Plaintiff also brings suit against the United States under the below-listed statutes:

15 U.S.C. § 190, 20 U.S.C. § 1232g, 20 U.S.C. § 123h, 20 U.S.C. §§ 123h-1232g, Foreign Sovereign Immunities Act ("FSIA"), 22 U.S.C. § 6473, 42 U.S.C. § 2000, 42 U.S.C. § 2000e(17), 42 U.S.C. §§ 2000-2000e(17), 22 U.S.C. §§ 6473-8561, 17 U.S.C. §§§ 1301-1331-1332, 28 U.S.C. § 157, 28 U.S.C. §§§ 157-1331-1343, 28 U.S.C. § 1334, Under Local District Rule 23.3, Chapter 13 Trustee, 11 U.S.C. §§ 502-1326, Title VII, Civil Rights Act of 1964, 76 Stat. 241, U.S. Const. Admnt. 1, RLUIPA.

(Doc. 1, p. 1).  In addition, he lists the following bases for jurisdiction:

28 U.S.C. §§§ 157-1331-1343, 450 F.3d 159, No. 84-2849, Religious Freedom Restoration Act (RFRA), 451 F.Supp.2d 181, Civil Action No. 81-1810 (PLF), 42 U.S.C. §§ 2-2000cc, 42 U.S.C. §§ 2000e-2000e17, 42 U.S.C. §§§ 2-2000cc-2000e-2000e17, 3:20-cv-00920, Under Chapter 13 Trustee, Hunt Act of 2022, "FSIA," RLUIPA.

The Complaint consists of little more than this list of statutes and the name change request.

Plaintiff's request for a name change cannot proceed under the Federal Tort Claims Act (FTCA).  The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials, but Plaintiff identifies no misconduct by federal officers while acting within the scope of their employment.

Plaintiff also fails to explain how any other statutes support his request for a legal name change.  The Court will not guess.  Plaintiff is responsible for preparing his own complaint and articulating his claims therein.  To do so, he must set forth allegations which state a plausible claim for relief against the defendant, not merely a possible claim.  The allegations state no claim against the United States, however, so the Complaint will be dismissed.

For residents of Illinois, name change requests are governed by 735 ILCS 5/21-101, *et seq.* Plaintiff has not identified, listed, or mentioned this statute. He has also not indicated whether he already filed a petition for name change in the circuit court of the county where he resides. *See id.* He has not disclosed whether any petition for a name change was denied or why he filed suit in federal court over this issue. Regardless, the Complaint fails to state a claim for relief, so it will be dismissed, and the IFP motion denied. This dismissal will be without prejudice, leaving Plaintiff free to pursue this request for relief in state court.

### Disposition

For the reasons set forth above, Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and the Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED**. *See* 28 U.S.C. § 1915(e)(2)(B). The pending Motion to Appoint Counsel (Doc. 2) is **TERMINATED**. This dismissal does <u>not</u> preclude Plaintiff for filing a Petition for Legal Name Change pursuant to 735 ILCS 5/21-101, *et seq.* in Illinois or any other court.

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, so the $405.00 filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED**.

**DATED: 5/9/2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

4